UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UEC Holdings, Inc.                    Case No. 3:25-cv-00731-DJH

      Plaintiff,                        Hon. David J. Hale

v.

Steven Mark Hatcher, Kent Power,
Inc., and Troy Kent,

      Defendants.

_____

# Defendants' Response to Motion to Approve Plaintiff's Proposed Forensics Examiner

_____

# Table of Contents

**Page(s)**

Introduction ......................................................................................................... 1

Argument .............................................................................................................. 2

     I.    Plaintiff fails to present evidence that its forensics experts
        are appropriately licensed.......................................................................... 2

     II.   Plaintiff fails to present evidence that its forensics experts
        are bonded or insured................................................................................ 2

     III.  No expert should be approved until a forensics protocol
        and protective order is in place................................................................. 4

Conclusion............................................................................................................ 7

# Index of Authorities

Page(s)

## Cases

*American BioCare Inc. v. Howard & Howard Attorneys PLLC,*
    702 Fed. App'x 416 (6th Cir. 2017) ...................................................... 6

*Frees, Inc. v McMillian,*
    Case No. 05-cv-1979, 2007 WL 184889
    (W.D. La. Jan. 22, 2007) ............................................................... 4, 5

*Indus. Packaging Supplies, Inc. v. Davidson,*
    Case No. 6:18-cv-0651, 2019 WL 850903
    (D. S.C. Feb. 22, 2019) ................................................................... 4

*Thermo Fisher Sci., Inc. v. Arthur,*
    Case No. 4:23-cv-1098, 2023 WL 84351154
    (E.D. Mo. October 17, 2023) ............................................................ 4

## Statutes

Mich. Comp. Laws 338.821 et seq. ........................................................ 1

Mich. Comp. Laws 338.822(b) .............................................................. 2

Mich. Comp. Laws 338.823 ................................................................. 2

Mich. Comp. Laws 338.823(3) .............................................................. 2

## Rules

Fed. R. Civ. P. 34 ........................................................................ 1

Fed. R. Civ. P. 34(a) ..................................................................... 4

## <u>Introduction</u>

Michigan law requires computer forensics experts to be licensed.  Mich. Comp. Laws 338.821 et seq.  Here, Plaintiff wants its forensics expert to inspect, image, and analyze electronic devices and networks located in Michigan.  Yet Plaintiff fails to present any evidence that its proposed expert is appropriately licensed.  As a result, Plaintiff's motion should be denied.

Additionally, the Federal Rules of Civil Produce require a court to balance a party's need for discovery of electronic data with the responding party's right to protect privileged, proprietary and personal information.  *See* Fed. R. Civ. P. 34 advisory committee's notes (2006).  Here, Plaintiff seeks the Court's approval of an expert without any proof that it is bonded or insured, and it asks the Court to give that expert unlimited and unsupervised access to Defendants' electronic devices. Plaintiff seeks this access without any protocol in place for the protection of privileged communications or confidential or proprietary information.  And Plaintiff wants this all done within five days, based on a restraining order that it obtained *ex parte*.  Such a situation is highly prejudicial to Defendants. It exposes Defendants' attorney-client privileged communications, trade secrets, confidential and proprietary data to the risk of disclosure.

Plaintiff's motion to approve its proposed forensics expert should be denied. Alternatively, the approval of any forensics expert should be delayed until the Court enters a forensics protocol and a protective order.

1

## Argument

### I.    Plaintiff fails to present evidence that its forensics experts are appropriately licensed.

Michigan law requires computer forensics experts to be licensed.  Mich. Comp. Laws 338.823 and 338.822(b) .  Any person who collects, investigates, analyzes, or examines "computers, computer networks, computer storage media, electronic devices, electronic storage media, or electronic networks, or any combination thereof" without a license is guilty of a felony.  Mich. Comp. Laws 338.823(3),

Here, Plaintiff seeks to have its proposed expert collect, investigate, analyze, and examine computers, storage media, electronic devices and networks that are located in the state of Michigan.  Plaintiff's proposed expert may not do so without a license.  Plaintiff presents no evidence that its proposed expert is properly licensed.  Further, the website for Plaintiff's proposed expert does not indicate that the proposed experts, Brian Halpin and Jake Stone, are licensed in Michigan.  As a result, its motion to approve its proposed forensics expert should be denied.

### II.    Plaintiff fails to present evidence that its forensics experts are bonded or insured

Plaintiff has also presented no evidence that its selected forensics experts are bonded or insured.  For that additional reason, Plaintiff's motion should be denied.

Requiring that Plaintiff's experts be bonded and insured is appropriate here, because of the potential harm to Defendants by negligent or even unintentional misconduct by the expert.  The Court's *ex parte* TRO gives Plaintiff's chosen expert unfettered and unsupervised access to Defendants' data.  It allows the expert to "image. . . and search all relevant data sources (including computers, external drives,

mobile phones and cloud accounts) for UEC-generated data or documents, produce responsive items to UEC, and retain mirror images pending further order of this Court." (RE 9, ¶ (2)(d)).  It does so without providing any restrictions on the expert's activities, without providing for the protection of attorney-client privileged material, without providing for the protection of Kent Power's trade secrets or confidential information, and without providing for the protection of Defendants' personal data.

The proposed order further does not address how the expert will determine what constitutes "UEC-generated data or documents" or how any dispute over this issue will be resolved.  The order appears to allow Plaintiff's experts to unilaterally determine what is "UEC-generated data or documents" and to produce "responsive items" to UEC without even allowing Defendants the opportunity to challenge any such designation or production.

The order further allows the experts to destroy files. The order requires Plaintiff's experts to "confirm[] that all UEC confidential information category[1] has been permanently removed from all devices, accounts, and storage media in Defendants' custody, possession, or control."  (RE 9, ¶2(f)).

If Plaintiff's experts are allowed unfettered access to rummage through Defendants' electronic devices, the potential for harm to Defendants is significant. Files could be intentionally or accidentally destroyed or corrupted.  Kent Power's proprietary and confidential information could be compromised.   Defendants'

---

[1] Plaintiff, UEC Holdings, Inc., is a holding company, not an operating entity.  UEC Holdings merely owns other companies, such as United Electric Company, Inc.  It is far from clear that UEC Holdings has any confidential information.

personal data could be improperly disclosed. Attorney-client and privileged information could be accessed.

To protect Defendants against these very significant dangers, Plaintiff's expert should be bonded and insured for any damages that may be caused.

## III. No expert should be approved until a forensics protocol and protective order is in place

"Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. . . Courts should guard against undue intrusiveness resulting from inspecting or testing such systems." Fed. R. Civ. P. 34(a) advisory committee's notes (2006).

Because the Federal Rules of Civil Procedure require courts to balance a party's need for discovery against an opposing party's right to protect privileged, confidential, and personal information, courts routinely enter forensics protocols that govern the inspection of electronic data. See e.g., *Thermo Fisher Sci., Inc. v. Arthur*, Case No. 4:23-cv-1098, 2023 WL 84351154 (E.D. Mo. October 17, 2023); *Indus. Packaging Supplies, Inc. v. Davidson*, Case No. 6:18-cv-0651, 2019 WL 850903 (D. S.C. Feb. 22, 2019); *Frees, Inc. v McMillian*, Case No. 05-cv-1979, 2007 WL 184889 (W.D. La. Jan. 22, 2007). These protocols typically: require the requesting party to identify the devices it wishes to have reviewed; identify search terms that will be run on devices; allow the producing party to review information for privilege and confidentiality before production; allow the producing party to object to the

4

production of files; and provide a mechanism for resolving disputes over whether any particular data should be produced. See e.g., *Frees, supra*.

None of this happened here. Plaintiff has not identified what devices it wants to inspect. There is no protocol in place that protects Defendants' attorney-client and privileged information. There is no protocol to protect against the acquisition and disclosure of Defendants' proprietary, confidential, and personal information. There is no mechanism for resolving disputes over what is "UEC confidential information."

Instead, based on a TRO that it prepared and obtained *ex parte*, Plaintiff wants Defendants to give Plaintiff's expert unfettered and unsupervised access to "all relevant data sources"—a term that is undefined—for a company that has 600+ employees and operates throughout the eastern United States. Plaintiff wants Defendants to turn over electronic devices, so that it may rummage through Defendants' data unsupervised.

Plaintiff is attempting to bum rush the Court and Defendants despite serious legal deficiencies in Plaintiff's complaint. As explained in Defendants' motion to dissolve the TRO (RE 15), Plaintiff lacks standing to bring this case. Plaintiff, UEC Holdings, Inc., is a holding company. It does not operate any business; rather, it owns businesses, such as United Electric Company. It has no customers or customer-facing employees. Mr. Hatcher worked for United Electric, not UEC. While Louisville Gas and Electric (the key customer that seems to be at the heart of this case) may be a customer of United Electric, it is not a customer of UEC. Even if Kent Power competes with United Electric, it does not compete with UEC. Assuming that United

5

Electric has trade secrets or confidential information, United Electric must bring its claims in its own name. Its parent cannot assert its claims for it. *American BioCare Inc. v. Howard & Howard Attorneys PLLC*, 702 Fed. App'x 416, 420 (6th Cir. 2017).

There are other deficiencies in Plaintiff's complaint as well. The claims against Mr. Hatcher are subject to an arbitration clause. (Employment Agreement, ¶ 11.3, RE 1-1, PageID.24). Defendants intend to bring a motion to compel arbitration.

There is no need to act precipitously. Defendants have no objection to, and will stipulate to, an order stating that "Defendants shall preserve all electronic or physical materials containing UEC information and shall not delete, alter, or destroy any such materials." (*See* TRO, RE 9, ¶ 2(d), first sentence). Defendants will stipulate to an order stating, "Defendants shall not use, access, transmit, or disseminate any UEC confidential, proprietary, or trade secret information or documents, including but not limited to pricing models, rate and blended-rate spreadsheets, bid templates, customer information, and operational data referenced in the parties' communications." (*See* TRO, RE 9, ¶ 2(c)). Defendants further will stipulate to an order stating that "Defendants shall immediately return to UEC, at their expense, all files, materials, equipment, and confidential information belonging to UEC, and to cease any use, copying, or disclosure thereof." (*See* TRO, RE 9, ¶ 2(e)).

Such an order preserves the status quo and protects Plaintiff's allegedly confidential information while allowing the Court and the parties the time to develop and implement a forensics protocol and protective order. It also allows the Court to consider the legal deficiencies in Plaintiff's complaint  Without a protocol and

6

protective order in place, Defendants will be severely prejudiced and risk the disclosure of privileged, proprietary, and confidential information.

## <u>Conclusion</u>

Plaintiff's motion to approve its proposed forensics examiner should be denied. Alternatively, the approval of any forensics examiner should be postponed until a forensics protocol and protective order are in place.

Dated: November 25, 2025          By ___/s/ Kent Wicker_____
                                          Kent Wicker
                                          Kayla M. Campbell
                                          Wicker / Brammell PLLC
                                          323 West Main Street, 11th Floor
                                          Louisville, Kentucky 40202
                                          Phone: (502) 780-6185
                                          Kent@wickerbrammell.com
                                          Kayla@wickerbrammell.com

                                          and

                                          D. Andrew Portinga (P55804)
                                          James R. Peterson (P43102)
                                          Amanda L. Rauh-Bieri (P83615)
                                          MILLER JOHNSON
                                          (admitted pro hac vice)
                                          45 Ottawa Avenue SW, Suite 1100
                                          PO Box 306
                                          Grand Rapids, Michigan 49501-0306
                                          Telephone: (616) 831-1700
                                          portingaa@millerjohnson.com
                                          petersonj@millerjohnson.com
                                          rauhbieria@millerjohnson.com

                                          *Counsel for Defendants*

## Certificate of Service

The undersigned counsel certifies that, on November 25, 2025, the foregoing *Defendants' Response to Motion to Approve Plaintiff's Proposed Forensics Examiner* was served on the attorney(s) of record pursuant to this Court's electronic e-filing system.

Dated:  November 25, 2025        By  */s/ Kent Wicker*
                                    Kent Wicker
                                    *Counsel for Defendants*

8