UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| UEC Holdings, Inc. and United Electric Company, Inc., | Case No. 3:25-cv-00731 |
| Plaintiffs, | Hon. David J. Hale |
| v | |
| Steven Mark Hatcher, Kent Power, Inc., and Troy Kent, | |
| Defendants. | |

# Defendants' Brief in Support of their Second Motion for a Partial Stay of Enforcement Pending Appeal

## Table of Contents

Page

Introduction .................................................................................................................... 1

Statement of Facts.......................................................................................................... 3

    A.    Procedural History ................................................................................... 3

        1.    The TRO .................................................................................... 3

        2.    The preliminary injunction ................................................. 4

        3.    This Court denies Defendants' motion for a forensic protocol and a protective order........................................... 5

    B.    Kent Power's business interests ................................................... 6

Argument ......................................................................................................................... 7

    I.    This Court should stay Paragraphs 4(b)-(d) of preliminary injunction pending appeal.......................................................................... 7

        A.    Defendants are likely to succeed on appeal.................................. 8

            1.    The Court erred in entering Paragraphs 4(b)-(d) of the preliminary injunction without a forensic protocol. .......... 8

            2.    This Court erred in entering Paragraphs 4(b)-(d) of the preliminary injunction without a protective order. ......... 13

        B.    Defendants will be irreparably harmed without a stay. ............................................................................................. 14

        C.    Plaintiffs will not be harmed by a stay....................................... 14

        D.    The public interest favors a stay pending appeal. ..................... 15

    II.    In the alternative, Defendants renew their request for a security bond. ............................................................................................ 15

Conclusion.................................................................................................................... 15

Index of Authorities

Page(s)

**Cases**

*Coal. to Defend Affirmative Action v. Granholm*,
473 F.3d 237 (6th Cir. 2006) .... 8

*Crookston v. Johnson*,
841 F.3d 396 (6th Cir. 2016) .... 7

*Haley v. Arnold*,
No. 3:17-CV-P446-DJH, 2017 WL 4399200
(W.D. Ky. Oct. 2, 2017) .... 9

*Hardy v. UPS Ground Freight, Inc.*, No. 3:17-CV-30162-MGM, 2019
WL 3290346
(D. Mass. July 22, 2019) .... 10

*Henson v. Turn, Inc.*,
No. 15-CV-01497-JSW (LB), 2018 WL 5281629 (N.D. Cal. Oct. 22, 2018) .... 10

*John B. v. Goetz*,
531 F.3d 448 (6th Cir. 2008) .... 10

*Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*,
305 F.3d 566 (6th Cir. 2002) .... 9

*Price v. City of Stockton*,
390 F.3d 1105 (9th Cir. 2004) .... 9

*Ramos v. Hopele of Fort Lauderdale, LLC*,
No. 17-62100-CIV, 2018 WL 1383188
(S.D. Fla. Mar. 19, 2018) .... 10

*SRM-Kodiak Am., LLC v. Pilling*,
No. 4:24-CV-00112-DCN, 2025 WL 438389
(D. Idaho Feb. 6, 2025) .... 10, 11

**Rules**

Fed. R. Civ. P. 26(b)(1) .... 9

Fed. R. Civ. P. 26(C)(1)(G) .... 13

Fed. R. Civ. P. 65(c) .... 15

## Introduction

Defendants respectfully ask that the Court rule on this motion, and on Defendants first stay motion (D.N. 49), no later than 4pm EST on December 18, 2025. After that time, Defendants intend to seek emergency relief from the Sixth Circuit. Fed. R. App. P. 8(a)(2).

This Court's preliminary injunction order requires Defendants to "grant access" to a UEC-selected forensic examiner "who shall image, preserve, and search all relevant data sources . . . [and] produce responsive items to UEC[.]" By December 26th, Defendants are required to certify that "all UEC and United Electric confidential information has been permanently removed[.]" The Court's preliminary injunction order does not provide for a forensic protocol or a protective order, and this Court denied Defendants' motion to enter a forensic protocol and protective order. As a result, the preliminary injunction order requires Defendants to provide to Plaintiffs unfettered access to huge amounts of information by December 26, 2025.

This Court should stay Paragraphs 4(b)-(d)[1] of the preliminary injunction order pending the outcome of Defendants' appeal. Defendants are likely to succeed on the merits of their argument that ordering Defendants to comply with Paragraphs 4(b)-(d) without either a forensic protocol or a protective order was in error.

As for the forensic protocol, the broad, burdensome, and unlimited access the Paragraph 4(b)-(d) grants is not narrowly tailored to remedy only the specific harms

---

[1] Defendants have no objection to the first sentence of Paragraph 4(b), which states: "Defendants shall preserve all electronic or physical material containing any UEC or United Electric information and shall not delete, alter, or destroy such materials."

1

the Plaintiffs have shown. Moreover, Paragraphs 4(b)-(d) essentially constitutes an overly broad discovery order with no regard to the relevance and proportionality requirements of Rule 26.

The Court's refusal to grant a protective order is also in error, and Defendants are likely to succeed here, too. Defendants iterated multiple times that vast amounts of confidential business information, as well as the privileged, confidential, and personal information of the individual defendants and third parties, was a stake. Nevertheless, the Court entered Paragraphs 4(b)-(d) without a protective order. This exposes Defendants—and others—to the potential disclosure and use of their confidential information. This order was entered in error.

Defendants will be irreparably harmed without a stay. As it stands, Defendants must provide unlimited access to an unspecified number of devices and drives—and there is no order limiting the use of disclosure of that information. The devices and drives at issue contain large amounts of confidential business information, as well as other privileged, personal, and confidential information, none of which has anything to do with this dispute. Once that information has been produced, that action cannot be undone.

By contrast, Plaintiffs will not be harmed by a stay pending appeal. Paragraph 4(a) already prohibits Defendants from using any of Plaintiffs' confidential information. Defendants, if they possess any at all, have no intention of using any of Plaintiffs' confidential information.

Finally, the public interest favors a stay pending appeal. The confidential information of non-parties to this litigation—other Kent Power employees and third parties—is at stake under this Court's order. Attorney-client privileged information is also at stake. Moreover, the public has an interest in ensuring that our court system maintains appropriate safeguards over the disclosure of privileged and confidential information.

This Court should stay Paragraphs 4(b)-(d) pending the outcome of Defendants' appeal.

## Statement of Facts

### A.   Procedural History

UEC Holdings, Inc. and United Electric Company, Inc. (together, "UEC" or "Plaintiffs") sued Mark Hatcher, Kent Power, Inc., and Troy Kent (collectively, the "Defendants") for, among other things, alleged misappropriation of business information and trade secrets. (D.N. 38).[2] UEC also claims that Mark Hatcher violated restrictive covenants in his contracts with UEC. (*Id.*)

#### 1.   The TRO

On November 17, 2025, UEC Holdings, then the sole plaintiff, moved for a temporary restraining order, which this Court granted. (D.N. 9). The TRO was granted *ex parte*, without notice to Defendants. The TRO, among other things, required defendants to grant access to a Court-approved independent forensics

---

[2] Initially, only the holding company, UEC Holdings, was named as a Plaintiff. (D.N. 1). Plaintiffs' amended complaint, filed December 8, 2025, added United Electric Company, Inc. as a plaintiff. (D.N. 38).

examiner to image, preserve, and search all relevant data sources, produce responsive documents to UEC, and retain forensic images. (*Id.*).

Two days after the *ex parte* TRO was entered, Defendants moved to dissolve it. Among other things, the Defendants objected to the lack of a protective order addressing how Defendants' data sources would be examined and their information protected. (D.N. 15, PageID.210-211). In its pre-hearing brief (D.N. 29), Defendants again emphasized that a forensics protocol and protective order needs to be in place before Defendants grant access to their electronic devices. (*Id.* PageID.351). In response to Plaintiff's motion to approve a forensic examiner (D.N. 28), Defendants again raised the need for a protocol and protective order. (PageID.330-333). While the magistrate judge did not approve UEC's chosen examiner, the magistrate judge also declined to impose a protective order or forensics protocol, citing this Court's TRO. (D.N. 34, PageID.373).

Defendants sent a proposed protective order to Plaintiff's counsel on November 24, 2025, and a draft forensics protocol on November 30, 2025. Plaintiff refused to agree to a forensics protocol and did not address the request for a protective order.

### 2. The preliminary injunction

Following an expedited hearing on December 1, 2025, this Court entered an Order granting a preliminary injunction in part. Like the TRO, the Preliminary Injunction permits UEC to, among other things, select an independent forensic examiner to search, review, and preserve "all relevant data sources (including computers, external drives, mobile phones, and cloud accounts) for UEC and United Electric-generated data or documents," to produce responsive items to UEC, and to

4

retain mirror images (D.N. 39, PageID. 579). Like the TRO, the preliminary injunction does not address the protocol for inspecting devices or restrict the use or disclosure of information gathered by the examiner.

Defendants filed a notice of appeal of the Court's preliminary injunction order on December 9, 2025. (D.N. 41). Defendants also moved to stay Paragraph 4(e) of the preliminary injunction order pending appeal. (D.N. 49).

### 3. This Court denies Defendants' motion for a forensic protocol and a protective order.

On December 10, 2025, Defendants moved for a forensic protocol and a protective order. (D.N. 44). Defendants made plain that they did not "object[] to the inspection of relevant data sources and the return of any UEC- or United Electric-generated documents, to the extent Defendants have any." (*Id.* PageID.632). But, Defendants explained, a forensic protocol was critical to protect against unfettered access to Defendants' confidential information. (*Id.* PageID.630-31; *see also id.* PageID.630 (quoting the Rule 34(a) advisory committee's note advising courts to "guard against the intrusiveness" of inspecting or testing a party's electronic information system). For similar reasons, Defendants also asked the Court to enter a protective order, explaining that Kent Power's electronic information systems contained extensive confidential business information as well as personal and confidential information of third parties and employees. (*Id.* PageID.633).

On December 16, 2025, this Court approved UEC's second motion to appoint a forensic examiner and denied Defendants' motion for a protective order. (D.N. 55). As for the forensic protocol, the Court concluded that Defendants' motion "if granted,

5

would serve only to frustrate the Court's Preliminary Injunction." (*Id.* PageID.735). The Court's order focused on perceived delays associated with a forensic protocol: "Given the time-sensitive circumstances justifying the Preliminary Injunction, the Court cannot permit such delays." (*Id.* PageID.736). The Court's order did not address any of Defendants' confidentiality or privilege concerns. Nor did the order address Defendants' motion for a protective order. (D.N. 55).

### B. Kent Power's business interests

Kent Power employs over 600 individuals across the country. (D.N. 44-4, ¶ 5). Kent Power maintains electronic personnel files for all of its employees, and these files include social security numbers, dates of birth, and other personally identifiable information. (*Id.*, ¶ 10). Collectively, Kent Power provides approximately 500 electronic devices such as laptops and iPads to its employees to conduct official business. (*Id.*, ¶ 7).

Kent Power maintains an internal Enterprise Resource Planning System (the "ERP System"), containing extensive confidential business information, including past and current contracting bids; customer and vendor lists; intellectual property; passwords; classified customer data flagged internally as "do not distribute;" private employee information such as health information, payroll, and performance improvement plans; and other confidential business information. (*Id.*, ¶ 11). Kent Power has invested substantial resources in protecting this information, including through a dedicated cybersecurity system and multiple information technology professionals entrusted with its protection. (*Id.*, ¶ 14).

6

Some Kent Power employees—including its President and Defendant in this action—Troy Kent, use Kent Power-owned cell phones to conduct official and personal business. (D.N. 44-5). Troy Kent's device contains both confidential business information and sensitive personal information, including long-term strategic planning for Kent Power and other family-owned entities; financial statements; executive compensation information; employee development plans; company banking information; customer bid information; customer contracts; proprietary consulting information; union communications; corporate governance documents; privileged attorney-client communications; and other confidential business documents. (*Id.* at ¶ 7). Additionally, Troy Kent's cell phone contains sensitive and confidential personal information, including family photos; education records; personal bank and wire information; debit and credit card information; investment information; passports; medical records; generational family estate and succession planning details; and other personal and sensitive information. (*Id.* at ¶ 8).

## Argument

**I.    This Court should stay Paragraphs 4(b)-(d) of preliminary injunction pending appeal.**

"When faced with a motion for a stay pending appeal, [the court] consider[s] (1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public interest in the stay." *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) (citing *Coal. to Defend Affirmative*

7

*Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)). This Court should grant a stay of Paragraphs 4(b)-(d) of the preliminary injunction order pending appeal.

### A. Defendants are likely to succeed on appeal.

Paragraph 4(b) of the preliminary injunction order states, in relevant part: "Defendants shall grant access to an independent forensic examiner, selected by UEC and approved by the Court, who shall image, preserve, and search all relevant data sources (including computers, external drives, mobile phones, and cloud accounts) for UEC- and United Electric-generated data or documents; produce responsive items to UEC; and retain mirror images pending further order of this Court."

Paragraph 4(d) provides: "Defendants shall provide to UEC, within 10 days of the Court's approval of a qualified independent computer, a written certification of completion from a qualified independent computer forensics vendor selected by UEC and approved by the Court confirming that all UEC and United Electric confidential information has been permanently removed from all devices, accounts, and storage media in Defendants' custody, possession, or control." (D.N. 39, PageID.580). Paragraph 4(c) requires Defendants to "immediately return to UEC, at their expense, all . . . confidential information belonging to UEC and United Electric . . . ." (*Id.*).

The Court's preliminary injunction order grants unfettered access to Defendants' confidential business information, as well as the private and confidential information of individuals and third parties—without the protection of a forensic protocol or a protective order. (D.N. 39).

### 1. The Court erred in entering Paragraphs 4(b)-(d) of the preliminary injunction without a forensic protocol.

8

No forensics protocol accompanies this Court's order that Defendants provide Plaintiffs unlimited access to "all relevant data sources." (D.N. 39). This is in error, and Defendants are likely to succeed on appeal.

To begin with, a preliminary injunction is an "extraordinary remedy." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). As a result, "an injunction must be narrowly tailored . . . to remedy only the specific harms shown by the plaintiffs, rather than to enjoin all possible breaches of the law." *Haley v. Arnold*, No. 3:17-CV-P446-DJH, 2017 WL 4399200, at *4 (W.D. Ky. Oct. 2, 2017) (quoting *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (alternations in *Haley*)).

Paragraphs 4(b)-(d) are far from "narrowly tailored . . . to remedy only the specific harms" that this Court concluded that Plaintiffs had established at the preliminary injunction hearing. It permits unbounded access to "all relevant data sources," and is not limited by any search terms or other reasonable limitations. This is a potentially massive amount of information (*see* D.N. 44-4; D.N. 44-5), and wholly inappropriate under the circumstances here.

Indeed, the Court's preliminary injunction order is, in effect, a discovery order—one that blows way past Rule 26(b)(1)'s relevance and proportionality limits. *See* Fed. R. Civ. P. 26(b)(1). Absent a sensible and routine forensic protocol directing the examination of massive amounts of electronic information, the preliminary injunction permits UEC access to all kinds of confidential information that have no bearing on the issues in this case and will be unduly burdensome and

9

disproportionate to the needs of this case. Particularly under the remarkably condensed timeline that Defendants face under the Court's order.

In the discovery context, federal courts have routinely denied similar requests that seek broad access to electronic devices and drives on both relevance and proportionality grounds. *John B. v. Goetz*, 531 F.3d 448, 458 (6th Cir. 2008) ("the imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the . . . litigation"); *Henson v. Turn, Inc.*, No. 15-CV-01497-JSW (LB), 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) (denying a request to produce a complete forensic image because it would "sweep in documents and information not relevant to the issues in this case" and was "disproportional to the needs of the case" (collecting cases)); *Ramos v. Hopele of Fort Lauderdale, LLC*, No. 17-62100-CIV, 2018 WL 1383188, at *3 (S.D. Fla. Mar. 19, 2018) (denying forensic examination as not relevant and disproportionate when the proposed examination was "not limited in any way, whether by search term, date, or identity of the sender or receiver"); *Hardy v. UPS Ground Freight, Inc.*, No. 3:17-CV-30162-MGM, 2019 WL 3290346, at *4 (D. Mass. July 22, 2019) (denying forensic examination where the defendant "failed to propose a means of restricting access to the phone's contents in a manner that would protect [the plaintiff's] private and privileged information"). This Court's preliminary injunction order runs afoul of any reasonable limit on UEC's review of Defendants' information and devices.

In *SRM-Kodiak Am., LLC v. Pilling*, No. 4:24-CV-00112-DCN, 2025 WL 438389 (D. Idaho Feb. 6, 2025), the plaintiff sought a preliminary injunction based

10

on the defendants' alleged trade secrets violations. *Id.* at *7. Although the District of Idaho granted a preliminary injunction, it rejected the plaintiff's request for a "broad preliminary injunction" that would require the defendants to "forensically image all devices on which they have ever conducted any business related to [the industry at issue]." *Id.* at *10. The Court explained that it would "not issue an injunction that bypasses the protections the rules of discovery offer to essentially facilitate an unlimited fishing expedition into multiple Defendants' personal and professional files." *Id.* at *11. In rejecting that request, *SRM-Kodiak* explained that the plaintiff was not "without redress" because the "injunction protects [the plaintiff] from any further misappropriation of trade secrets," and "[s]hould the parties proceed with traditional avenues of discovery and find Defendants have failed to comply with this Order, they may be held in contempt." *Id.*

This Court erred when it failed to follow a similar path here. Paragraphs 4(b) and 4(d) grant UEC the same unfettered discovery into Defendants' "personal and professional files" that the court rejected in *SRM-Kodiak*. The preliminary injunction order inappropriately bypasses the traditional discovery process, where the federal rules provide guardrails to protect against the kinds of potential abuses inherently present in this Court's broad order. The extremely expedited timeline—10 days, which is December 26th—further opens the possibility for that Defendants' confidential, privileged, personal information will be compromised. Critically, without a forensic protocol, there are no protections for any information that might be privileged. As Defendants iterated in their motion for a forensic protocol, they do

11

not object to the "inspection of relevant data sources and the return of any UEC- or United Electric-generated documents, to the extent Defendants have any." (D.N. 44, PageID.632).

Furthermore, Paragraphs 4(b)-(d), by their terms, cannot be administered without a forensic protocol, and these problems are only further exacerbated by the Court's expedited timeline over the holidays. For example, Paragraph 4(b) requires imaging of "all relevant data sources," and requires that UEC's selected forensic examiner "search" these sources and "produce responsive items to UEC." (D.N. 39). Absent a forensic protocol, the forensic examiner has no way of knowing which devices are "relevant data sources" and which items are "responsive." The practical result will be a burdensome and invasive search into vast amounts of confidential—and potentially privileged—information. Defendants are likely to succeed on the merits that this Court erred in entering Paragraphs 4(b)-(d) without an accompanying forensic protocol.

Even though Defendants raised these issues in their motion to dissolve the TRO (D.N. 15), their response to Plaintiffs' first motion to appoint a forensic examiner (D.N. 28), in their prehearing brief (D.N. 29), and in their motion for a forensic protocol (D.N. 44), neither the preliminary injunction order nor the motion denying entry of a forensic protocol address any of these issues. Instead, the Court's order concluded that the "time-sensitive circumstances" could not "permit such delays" in complying with a forensic protocol. (D.N. 55, PageID.736). Delay alone is not a sufficient reason to permit the sort of broad, unfettered, and unprotective access that

12

the preliminary injunction order grants to UEC. And, as explained below, Plaintiffs are not harmed by any delay that may accompany following a routine forensic protocol.

### 2. This Court erred in entering Paragraphs 4(b)-(d) of the preliminary injunction without a protective order.

For similar reasons, this Court likewise erred entering Paragraphs 4(b)-4(d) without a protective order, granting Plaintiffs total access Defendants' professional and personal devices and drives. Without a protective order, there is no restriction on the use or dissemination of Defendants' confidential business information, or other personal and confidential information.

Again, the scope of information that may be disclosed includes the information of over 600 Kent Power employees, information on over 500 Kent Power laptops and iPads, Kent Power's SharePoint drive, and Kent Power's Enterprise Resource Planning (ERP) system. (D.N. 44-4). Moreover, Troy Kent's personal device includes substantial amounts of confidential business information, in addition to personal information like personal financial information and medical records. (D.N. 44-5). There is no good reason to require an inquiry into this type of information without a protective order.

Defendants established that there is good cause under Federal Rule of Civil Procedure 26(C)(1)(G) for entry of a protective order. *Vignes-Starr v. Lowe's Home Centers, LLC*, 544 F. Supp. 3d 774, 776 (W.D. Ky. 2021) (holding that good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought . . . ."

(citing *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001)).  Requiring Defendants to comply with Paragraphs 4(b)-(d) without a protective order is in error, and Defendants are likely to succeed on the merits of their appeal.

### B. Defendants will be irreparably harmed without a stay.

Defendants will suffer irreparable harm unless Paragraphs 4(b)-(d) are stayed pending appeal.  Once Plaintiffs receive full access to Defendants' confidential business information, as well as the personal and confidential information of individuals, that action cannot be undone.  Moreover, without a protective order, there is no limit on Plaintiffs' ability to disclose or use Defendants' confidential information.  *See supra* Statement of Facts, Section B.  Defendants face serious irreparable harm if they must comply with Paragraph 4(b)-(d) by December 26, 2025.

### C. Plaintiffs will not be harmed by a stay.

By contrast, Plaintiffs will not be harmed if Paragraphs 4(b) and 4(d) of the preliminary injunction order are stayed pending appeal.  To begin with, Plaintiffs cannot be harmed if they are prevented from accessing confidential and private information irrelevant to the issues in this case under this Court's overly broad order.

Importantly, contrary to this Court's ruling (D.N. 55), UEC will not be harmed by any delay in the forensic examination.  Defendants are already prohibited from using, accessing, transmitting, or disseminating any of UEC's confidential or proprietary information under Paragraph 4(a) of the preliminary injunction—a preliminary injunction to which Defendants would have stipulated (D.N. 29, PageID.341-42). This adequately protects UEC's interests.  As the *SRM-Kodiak* court explained, if Defendants fail to comply with Paragraph 4(a)—which they have no

14

intention of doing—UEC would have a basis to hold them in contempt. *SRM-Kodiak*, 2025 WL 438389, at *11.

### D. The public interest favors a stay pending appeal.

The public interest also weighs in favor of granting a stay. This Court's order not only implicates Defendants' privacy, but also the privacy of Kent Power's other employees and third parties. These individuals have no interest or involvement in this litigation, and yet this Court's order exposes their personal and confidential information to discovery and potential disclosures. Beyond that, the public has a general interest in ensuring that our federal courts ensure that their personal and confidential data remains secure and private under these circumstances.

## II. In the alternative, Defendants renew their request for a security bond.

Defendants, in their first motion to stay pending appeal, asked this Court, in the alternative, to require a security bond under Federal Rule of Civil Procedure 65(c). (D.N. 49). Defendants renew that request. The lack of guardrails around Paragraphs 4(b)-(d) of the preliminary injunction order ratchets up the potential harm to Defendants. If Defendants are required to proceed with Paragraphs 4(b)-(d), and the Sixth Circuit later determines that it was wrongfully enjoined, Defendants may suffer additional harm from the disclosure of their confidential and proprietary information. This Court should require UEC to post a $5,000,000 security bond.

## Conclusion

This Court should grant Defendants' Second Motion for a Partial Stay of Enforcement Pending Appeal and stay Paragraphs 4(b)-(d). In the alternative, the Court should require Plaintiffs to post a $5,000,000 security bond under Rule 65(c).

Dated:  December 17, 2025    By    /s/ D. Andrew Portinga
                                                D. Andrew Portinga (P55804)
                                                James R. Peterson (P43102)
                                                Amanda L. Rauh-Bieri (P83615)
                                                Admitted *Pro Hac Vice*
                                                MILLER JOHNSON
                                                45 Ottawa Avenue SW, Suite 1100
                                                PO Box 306
                                                Grand Rapids, Michigan 49501-0306
                                                (616) 831-1700
                                                portingaa@millerjohnson.com
                                                petersonj@millerjohnson.com
                                                rauhbieria@millerjohnson.com

                                                *Attorneys for Defendants*

16

## Certificate of Service

D. Andrew Portinga certifies that, on December 17, 2025, the foregoing *Defendants' Brief in Support of their Motion for a Partial Stay of Enforcement Pending Appeal or, Alternatively, for a Security Bond* was served upon the attorney(s) of record pursuant to this Court's electronic e-filing system.

Dated: December 17, 2025        By   /s/ D. Andrew Portinga
                                D. Andrew Portinga (P55804)
                                James R. Peterson (P43102)
                                Amanda L. Rauh-Bieri (P83615)
                                Admitted *Pro Hac Vice*
                                MILLER JOHNSON
                                45 Ottawa Avenue SW, Suite 1100
                                PO Box 306
                                Grand Rapids, Michigan 49501-0306
                                (616) 831-1700
                                portingaa@millerjohnson.com
                                petersonj@millerjohnson.com
                                rauhbieria@millerjohnson.com

                                *Attorneys for Defendants*