IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| UEC HOLDINGS, INC. and<br>UNITED ELECTRIC COMPANY, INC.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>STEVEN MARK HATCHER,<br>KENT POWER, INC. and TROY KENT<br><br>　　　　　Defendants. | :<br>:<br>:<br>: CIVIL ACTION<br>: NO. 3:25-CV-00731-DJH-CHL<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**REPORT OF PARTIES' PLANNING MEETING**

1. Counsel for the parties conferred in good faith via email on January 9, 2026. Plaintiffs submit this Report based on those communications:

    a. For Plaintiffs, UEC Holdings, Inc. and United Electric Company, Inc.: Jonathan Landesman, Esq. and Leigh Nazzario, Esq. of Cohen, Seglias, Pallas, Greenhall & Furman, P.C.

    b. For Defendants, Steven Mark Hatcher, Kent Power, Inc., and Troy Kent: James R. Peterson, Esq. of Miller Johnson.

2. **Initial Disclosures.**

    The Parties propose to serve their initial disclosures by January 23, 2026. The Parties do not seek any changes to the disclosure requirements under Rule 26(a).

3. **Discovery Plan.** The Parties propose this discovery plan:

    a. **Discovery will be needed on the following subjects, among others:**

        i. Defendants' alleged acquisition, possession, use, disclosure, and deletion of Plaintiffs' confidential, proprietary, and trade-secret information;

ii. Plaintiffs' efforts to protect its alleged confidential, proprietary, and trade-secret information;

iii. Defendant Hatcher's employment, duties, access to confidential information, and conduct during and after his employment with United Electric;

iv. Plaintiff, United Electric's termination of Hatcher's employment;

v. Plaintiffs' and Defendants' communications with LG&E and other customers or prospective customers;

vi. Plaintiffs' and Defendants' pricing, bidding practices, and Defendants' alleged use of Plaintiffs' pricing and cost information;

vii. Defendants' electronic devices, accounts, storage media, and data;

viii. Plaintiffs' and Defendants' financial statements including its balance sheets, and incomes statements relating to work from LG&E;

ix. Documents relating to the performance of any work for LG&E, including but not limited to invoices, purchase orders, and/or schedule of values;

x. Plaintiffs' and Defendants' bids, estimates, takes-offs, overhead, profit, labor rates, equipment rates, subcontracts, contracts, leases, equipment leases, costs, markups, discounts, pricing strategies, employees, consultants, vendors, and material suppliers relating to work for LG&E;

xi. Plaintiffs' complaint and amended complaint;

xii. Defendants' affirmative defenses and counterclaims;

xiii. Compliance with contractual obligations, restrictive covenants, and statutory duties;

      xiv. The Parties acknowledge that additional discovery topics may arise as discovery proceeds.

**b. Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery.**

      i. The Parties will serve initial written discovery by January 20, 2026, with responses due within the time periods prescribed by the Federal Rules of Civil Procedure.

      ii. All fact discovery shall be completed by July 10, 2026

      iii. All expert discovery shall be completed by September 4, 2026.

**c. Maximum number of Discovery Requests by each party to another party, along with the dates the answers are due.**

The Parties agree that each side shall be limited to serving a maximum of twenty-five (25) Interrogatories, unless otherwise ordered by this Court. In all other respects, the Parties agree to abide by the discovery limitations and rules contained in the Federal Rules of Civil Procedure and the Local Rules of this Court for purposes of serving and responding to Interrogatories.

**d. Maximum number of depositions by each party.**

The Parties agree that each side may take up to ten (10) depositions, unless otherwise ordered by the Court. In all other respects, the Parties agree to abide by the discovery limitations and rules contained in the Federal Rules of Civil Procedure and the Local Rules of this Court for purpose of conducting depositions.

**e. Limits on the length of depositions, in hours.**

Seven (7) hours per deposition, in accordance with the Rules of Civil Procedure.

**f. Dates for exchanging reports of expert witnesses.**

      i. From Plaintiffs: July 22, 2026.

      ii. From Defendants: August 7, 2026.

      iii. Plaintiffs' rebuttal expert disclosures: August 21, 2026.

      iv. Dates for supplementations under Rule 26(e).

The Parties agree that supplemental disclosures and responses as required by Rule 26(e) are due in a timely manner upon learning that a disclosure or response is incomplete or incorrect and in no event later than the close of fact discovery.

**4. Other Items:**

  a. **Requested dates for Pretrial Conferences.**

    The Parties request a Pre-Trial Conference on or about September 2, 2026.

  b. **Final date for Plaintiffs to amend pleadings or join parties.**

    May 4, 2026.

  c. **Final date for Defendants to amend pleadings or to join parties.**

    May 4, 2026.

  d. **Final dates to file dispositive motions.**

    September 4, 2026.

  e. **State the prospects for settlement.**

    The parties have engaged in preliminary settlement discussions with a Sixth Circuit mediator, but no resolution has been reached to date.

  f. **Identify any alternative dispute resolution procedure that may enhance settlement prospects.**

The parties are presently engaged in mediation facilitated by the Sixth Circuit. Depending on the outcome of that process, the parties are willing to consider additional alternative dispute resolution mechanisms.

g. **Final dates for submitting Rule 26(a)(3) witness lists, designations or witnesses whose testimony will be presented by deposition, and exhibit lists.**

October 16, 2026.

h. **Final dates to file objections under Rule 26(a)(3).**

October 23, 2026.

i. **Suggested trial date and estimate of trial length.**

The parties propose a trial date in November 2026, subject to the Court's availability. Parties estimate that the length of the trial will be 5-7 days.

j. **Other matters.**

The parties do not consent to the jurisdiction of the Magistrate Judge for all further proceedings.

Date: January 9, 2026

| | |
|---|---|
| **COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**<br>*/s/ Lori W. Azzara*<br>**LORI W. AZZARA, ESQUIRE**<br>Attorney Id. No. 91865<br>**JONATHAN LANDESMAN, ESQUIRE\***<br>**LEIGH NAZZARIO, ESQUIRE\***<br>626 Washington Place, Suite 1902<br>Pittsburgh, PA 15219<br>Phone: (412) 434-5530<br>E-Mail: lazzara@cohenseglias.com<br>   jlandesman@cohenseglias.com<br>   lnazzario@cohenseglias.com<br><br>*Counsel for Plaintiffs, UEC Holdings, Inc. and* | **MILLER JOHNSON**<br>James R. Peterson (P43102)<br>Admitted Pro Hac Vice<br>*/s/ James R. Peterson*<br>D. Andrew Portinga (P55804)<br>Admitted Pro Hac Vice<br><br>Amanda L. Rauh-Bieri (P83615)<br>Admitted Pro Hac Vice<br><br>Bryce C. Akins (P88780)<br>Pro Hac Vice Admittance Pending<br><br>45 Ottawa Avenue SW, Suite 1100<br>Grand Rapids, Michigan 49503 |

5

| | |
|---|---|
| *United Electric Company, Inc.* | Telephone: (616) 831-1700<br>portingaa@millerjohnson.com<br>petersonj@millerjohnson.com<br>rauhbieria@millerjohnson.com<br>akinsb@millerjohnson.com |
| * Admitted *Pro Hac Vice* | |
| | *Counsel for Defendants, Steven Mark Hatcher, Kent Power, Inc., and Troy Kent* |

Case 3:25-cv-00731-DJH-CHL   Document 69   Filed 01/09/26   Page 6 of 7 PageID #: 1449