**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|   |   |   |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: July 10, 2026

Ms. Lori Azzara
Cohen Seglias Pallas Greenhall & Furman
626 Washington Place
Suite 1902
Pittsburgh, PA 15219

Mr. Jonathan Landesman
Cohen Segalias Pallas Greenhall & Furman
1600 Market Street
32nd Floor
Philadelphia, PA 19103

Mr. James R. Peterson
Miller Johnson
45 Ottawa Avenue, S.W.
Suite 1100
Grand Rapids, MI 49503

Mr. David A. Portinga
Miller Johnson
45 Ottawa Avenue, S.W.
Suite 1100
Grand Rapids, MI 49503

Ms. Amanda Rauh-Bieri
Miller Johnson
45 Ottawa Avenue, S.W.
Suite 1100
Grand Rapids, MI 49503

    Re:  Case No. 25-6123, *UEC Holdings, Inc. v. Steven Hatcher, et al*
       Originating Case No. 3:25-cv-00731

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Kelly Stephens

Appeal Case Manager: Gretchen
Direct Dial No. 513-564-7062

cc: Mr. James J. Vilt Jr.

Enclosure

No.  25-6123

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UEC HOLDINGS, INC.,                                    )
                                                       )
          Plaintiff-Appellee,                          )
                                                       )
v.                                                     )          O R D E R
                                                       )
STEVEN MARK HATCHER, et al.,                           )
                                                       )
          Defendants-Appellants.                       )

> **FILED**
> Jul 10, 2026
> KELLY L. STEPHENS, Clerk

Before:  SILER, DAVIS, and RITZ, Circuit Judges.

The court delivered an order.  DAVIS, J. (pp. 4–6), delivered a separate opinion concurring in part and dissenting in part.

On November 14, 2025, in this case involving trade secrets, Plaintiff UEC Holdings, Inc. ("UEC") filed a motion seeking a preliminary injunction against Defendants Steven Hatcher ("Hatcher"), Kent Power, Inc. ("Kent Power"), and Troy Kent ("Kent").  The district court granted the motion.  In response, Defendants filed an interlocutory appeal of the preliminary injunction order and then sought a partial stay of the preliminary injunction in the district court and in this court.

On December 19, 2025, we granted Defendants' motion to administratively stay the preliminary injunction, reasoning in part that "an administrative stay will allow the district court to rule on Defendants' stay motions pending below."  On December 29, 2025, Plaintiffs filed a motion asking us to dissolve the administrative stay.  On May 14, 2026, the district court entered an order denying Defendants' request for a stay of the preliminary injunction pending appeal because it lacked jurisdiction.  Because the district court has determined that it lacks jurisdiction

No. 25-6123

to consider the stay motions that were before it, we now consider Plaintiffs' motion to dissolve our order administratively staying the preliminary injunction.

Although we have not adopted a standard for when an administrative stay is appropriate, *see Breeze Smoke, LLC v. U.S. Food & Drug Admin.*, No. 21-3902, 2021 U.S. App. LEXIS 32268, at *1–2 (6th Cir. Oct. 27, 2021) (order), other circuits "have held that the 'touchstone' of this analysis is whether an administrative stay is 'need[ed] to preserve the status quo,'" *Arizona v. Biden*, No. 22-3272, 2022 U.S. App. LEXIS 9522, at *2–3 (6th Cir. Apr. 8, 2022) (order) (alteration in original) (quoting *Nat'l Urb. League v. Ross*, 977 F.3d 698, 702 (9th Cir. 2020) (order)).

At times, a preliminary injunction becomes the status quo that an administrative stay would disturb. *See Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019) (order). But six months have elapsed between our decision to administratively stay the preliminary injunction, the district court's determination that it lacks jurisdiction to rule on any stay requests, and our present opportunity to reconsider our administrative stay order. By operation of time, therefore, the stay has supplanted the preliminary injunction as the status quo. Indeed, the parties have been operating according to the administrative stay for some time, and reconsidering our prior decision would undo the present equilibrium.

Moreover, the merits question is before us, as oral argument to review the district court's preliminary injunction order is scheduled for July 21, 2026. Consequently, we maintain the administrative stay and underscore that this order is not intended to address the merits of the dispute. *Doe #1*, 944 F.3d at 1223 ("Our ruling is based solely on the absence of a sufficient

2

No. 25-6123

exigency to justify changing the status quo, particularly during the few weeks before scheduled oral argument on the merits of the emergency motion.").

Writing separately, a colleague disagrees with this approach, contending that an administrative stay should remain only long enough for a court to "make an intelligent decision on the motion for a stay pending appeal." *United States v. Texas*, 144 S. Ct. 797, 799 (2024) (Barrett, J., concurring in denial of applications to vacate stay). Here, our administrative stay gave the district court the opportunity to address the stay motions before it. But, after five months, the district court found that it lacked jurisdiction to address the pending stay motions. Now, keeping the stay will allow us to deliberate and consider oral argument. In turn, this will help us to intelligently decide the merits of the appeal. Doing otherwise would disturb the status quo—the touchstone of the administrative stay analysis—and then require us to address the merits on an expedited basis without the benefit of argument. This seems inadvisable.

Finally, Plaintiffs filed a motion seeking to seal an appendix. However, the motion does not "analyze in detail, document by document, the propriety of secrecy," and provides broad reasoning and minimal authority. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305-06 (6th Cir. 2016) (citation modified).

Accordingly, Plaintiffs' motion to lift the administrative stay pending appeal is **DENIED**, and the motion to seal is **DENIED** without prejudice.

No. 25-6123

DAVIS, Circuit Judge, concurring in part, dissenting in part. I join the majority's resolution of Plaintiffs UEC Holdings, Inc. and United Electric Company, Inc.'s motion to seal an appendix. But I respectfully disagree with the decision to leave the partial administrative stay in place. The conditions justifying that action by the court have been satisfied, so Defendants Steven Hatcher, Kent Power, Inc., and Troy Kent's motion for a partial stay pending appeal is ripe for decision. Thus, I would end the administrative stay and resolve Defendants' stay motion under *Nken v. Holder*, 556 U.S. 418 (2009).

A few procedural points help frame my position. The administrative stay served two purposes: to afford the district court time to rule on Defendants' stay motions below and to give us sufficient time to consider the emergency motion for a partial stay pending appeal pending before us. As to the first articulated purpose, the parties completed their briefing in the district court by January 14, 2026, and the district court ruled on May 14, 2026. And as to the second articulated purpose, the parties completed their briefing before us around the same time they finished their district court briefing. Although before us, Plaintiffs did not file a response to Defendants' motion for a partial administrative stay, they promptly moved to lift the administrative stay after it was entered. And in doing so, Plaintiffs substantively set forth their position on the justification (or lack thereof) for a partial stay pending appeal. (*See* ECF 18, 20, 21). Thus, collectively, in my view, that briefing and Defendants' stay motion adequately frame the issues for our review.

With the administrative stay conditions now satisfied, therefore, I believe we are now obligated to resolve the motion for a partial stay pending appeal on the merits. To begin, circuit courts routinely and appropriately issue administrative stays to allow "time for briefing and

No. 25-6123

deliberation." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring in denial of applications to vacate stay). But such administrative stays are meant to be "short-lived," in place only for as long as is necessary for us to "intelligent[ly]" decide a motion for stay pending appeal. *Id.* at 799; *see Nken*, 556 U.S. at 427 ("[A] reviewing court may not resolve a conflict between considered review and effective relief by reflexively holding a final order in abeyance pending review."). Once we are "equipped to rule," our "obligation to apply the *Nken* factors is triggered." *Texas*, 144 S. Ct. at 799. Here, the parties' briefing provides us the necessary substance to rule on Defendants' stay motion. And we became equipped to rule once the district court issued its decision on Defendants' stay motions. I agree with my colleagues that, as a practical matter, the status quo sought to be preserved has shifted. After all, parts of the district court's preliminary injunction have been stayed now for quite some time. But permitting that consideration to drive the outcome runs the risk Justice Barrett articulated in *Texas* of "avoid[ing] *Nken* for too long." *Id.* Consequently, I would end the partial administrative stay and resolve Defendants' stay-pending-appeal motion now.[1] *See id.* Doing so avoids any concern that our administrative stay

---

[1] Granted, there is significant overlap between the parties' arguments concerning the stay and their arguments on the merits of the appeal. *See Nken*, 556 U.S. at 434 (flagging the "substantial overlap" between stay factors and those "governing preliminary injunctions"). It is this overlap that may lead to the idea that resolving the stay motion essentially would require deciding the merits of the appeal without oral argument. But I think not. After all, the irreparable-harm question is different for our consideration of the stay than it is for the preliminary injunction. *See id.* (noting the two tests are "not . . . one and the same"). To obtain a stay pending appeal here, Defendants must show that they are likely to suffer irreparable harm without it. *See id.* Conversely, their appeal on the merits requires them to show that Plaintiffs failed to demonstrate that they would suffer irreparable harm absent the district court's injunction. *See Towerco 2013, LLC v. Berlin Twp. Bd. of Trs.*, 110 F.4th 870, 879 (6th Cir. 2024). Moreover, having found no authority suggesting the same, I question whether the temporary change in status quo occasioned by our administrative action rather than the status quo established by the order appealed from should serve as the "touchstone" of our inquiry. *Cf. Texas*, 144 S. Ct. at 798 n.2 (acknowledging that courts "have sometimes described stays as devices meant to maintain the status quo" but conceding this is a "tricky metric, because there is no settled way of defining 'the status quo'"); *see also* Rachel Bayefsky, *Administrative Stays: Power*

5

No. 25-6123

"has effectively become a stay pending appeal" just by operation of time. *Id.* at 800. As such, I respectfully concur in part and dissent in part.

ENTERED BY ORDER OF THE COURT

_Kelly L. Stephens_
_____
Kelly L. Stephens, Clerk

---

*and Procedure*, 97 Notre Dame L. Rev. 1941, 1945, 1958 (2022) (describing the difficulty of "ascertain[ing] what counts as the status quo" and cautioning that "courts that take the 'need to preserve the status quo' as the 'touchstone' of an administrative stay determination face the challenge of defining the status quo" (citation modified)).